UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIA LICENSING CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>PEGATRON CORPORATION, et al.,<br><br>Defendants. | Case No. 15-cv-04086-JSW<br><br>**ORDER GRANTING MOTION TO DISMISS COUNT III OF THE COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 35 |

Now before the Court for consideration is Defendants Pegatron Corporation, Pegatron Technology Service Inc., and Unihan Corporation's motion to dismiss Count III of Plaintiff Via Licensing Corporation's Complaint. The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motion suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court hereby GRANTS Defendants' motion to dismiss Count III of Plaintiff's Complaint, with leave to amend.

**BACKGROUND**

For the purposes of this motion to dismiss, the Court takes the factual allegations in the Complaint as true. Plaintiff Via Licensing Corporation is the administrator of a patent pool for MPEG Advanced Audio Coding ("AAC") technology, an audio compression technology. (Compl. ¶¶ 8, 15-19.) On or about December 3, 2010, Plaintiff and Defendant Unihan entered into the AAC License, which provides licensees such as Unihan with patent rights to licensors' essential AAC patents. (*Id.* ¶¶ 19-20.) Defendant Unihan and Defendant Pegatron subsequently merged, and Pegatron succeeded to all rights, obligations, and liabilities of Unihan, including those arising under the AAC License. (*Id.* ¶ 22.) Defendants sent Plaintiff a notice of termination of the AAC License on December 30, 2013. (*Id.* ¶ 37.)

1    Among other terms of the AAC License, the License requires Pegatron to pay license fees
2 on sales of products containing AAC technology; to keep records; to submit quarterly reports, and
3 to submit to an independent audit. (*Id.* ¶¶ 23-34.) It also provides "that within 30 days following
4 the effective date of the AAC License Unihan is obligated to provide via a written report
5 identifying any Licensed Products sold or otherwise supplied 'during the entire period prior to' the
6 effective date of the agreement, together with payment for royalties and interest thereon." (*Id.*
7 ¶ 30.)
8    Plaintiff alleges multiple breaches of the License, including, *inter alia*, delay in reporting,
9 under-reporting of sales, provision of inaccurate information, failure to pay amounts owed, and
10 failure to comply with an audit that Plaintiff commenced in May 2013. In the Complaint, Plaintiff
11 alleges three claims: (1) breach of contract; (2) specific performance; and (3) promissory fraud.
12    The Court shall address additional facts as necessary in its analysis.

## ANALYSIS

**A.  Legal Standards Applicable to the Motion to Dismiss.**

15    A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the
16 complaint fails to state a claim upon which relief can be granted. The Court's "inquiry is limited
17 to the allegations in the complaint, which are accepted as true and construed in the light most
18 favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).
19 Even under the liberal pleadings standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's
20 obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and
21 conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*
22 *Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).
23    Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but
24 must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A
25 claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw
26 the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v.*
27 *Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is
28 not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant

2

has acted unlawfully. . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

Claims sounding in fraud or mistake are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which requires that a plaintiff claiming fraud "must state with particularity the circumstances regarding fraud or mistake." Fed. R. Civ. P. 9(b). To satisfy Rule 9(b), the allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). This specificity must include an account of the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quotation omitted). "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). However, because circumstances may change, "a plaintiff must set forth, as part of the circumstances constituting fraud, an explanation as to why the disputed statement was untrue or misleading *when made*." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1549 (9th Cir. 1994) (en banc), *superseded by statute on other grounds as stated in SEC v. Todd*, 642 F.3d 1207, 1216 (9th Cir. 2011).

If the allegations of the Complaint are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g.*, *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Lieche, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

**B.    Plaintiff's Claim for Promissory Fraud Is Not Pled with Sufficient Particularity.**

Defendants move to dismiss the third claim in the Complaint, which alleges that Defendants committed promissory fraud in inducing Plaintiff to enter into the AAC License. Defendants contend that Plaintiff's claim for promissory fraud was not pled with sufficient particularity under Federal Rule of Civil Procedure 9(b).

3

Promissory fraud permits a plaintiff to state a cause of action in tort when a defendant fraudulently induces him to enter into a contract. *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996). Although failure to perform a contract does not constitute fraud, a promise made without intention to perform can be actionable fraud. *Locke v. Warner Bros., Inc.*, 57 Cal. App. 4th 354, 367 (1997). Fraudulent intent may be established by circumstantial evidence, and may be inferred from such circumstances as a "defendant's insolvency, his hasty repudiation of the promise, his failure even to attempt performance, or his continued assurances after it was clear he would not perform." *Tenzer v. Superscope, Inc.*, 39 Cal. 3d 18, 30 (1985). However, something more than the defendant's subsequent failure to perform as promised is required. *Id.* at 30-31.

The elements of a claim for promissory fraud are: "(1) a promise made regarding a material fact without any intention of performing it; (2) the existence of the intent not to perform at the time the promise was made; (3) intent to deceive or induce the promisee to enter into a transaction; (4) reasonable reliance by the promisee; (5) nonperformance by the party making the promise; and (6) resulting damage to the promise." *Behnke v. State Farm Gen. Ins. Co.*, 196 Cal. App. 4th 1443, 1453 (2011). Defendants challenge the first two elements of the claim.

Plaintiff's allegations that Defendants breached the contract, however swiftly and egregiously, are not, without more, sufficient to plead that Defendants originally entered into the contract with the intention of failing to perform. For example, Plaintiff alleges that an audit of Defendants "confirmed that, from the inception of the AAC License, Unihan/Pegatron consistently and intentionally underreported various sales information, affecting the royalties owed to Via." (Compl. ¶ 82(b).) However, no factual detail, such as contemporaneous inconsistent statements or allegations regarding the circumstances of the contract negotiations, supports the allegation that Defendants' underreporting of sales information was planned at the time the parties entered into the contract. The same is true of Plaintiff's other allegations of partial but inadequate performance, including the allegations that Defendants failed to pay royalties, changed their position regarding which products were final products requiring payment of royalties, and terminated the License following the audit. (Compl. ¶ 82.) As presently pled, such allegations of partial but inadequate performance are equally consistent with the inference that Defendants

4

1   entered into the License in good faith, but subsequently failed to perform to Plaintiff's satisfaction.

2   The Complaint also includes express allegations that Defendants entered into the License
3   in bad faith, with the intent to defraud, and without any intention of performing their contractual
4   obligations. (Compl. ¶¶ 7, 80-83.) Although intent may be alleged generally under Rule 9(b),
5   however, such general allegations of fraudulent intent are insufficient to overcome a lack of
6   particularity in facts showing that Defendants harbored an intention not to be bound by terms of
7   the contract *at formation. See, e.g.*, *Hsu v. Oz Optics Ltd.*, 211 F.R.D. 615, 620 (N.D. Cal. 2002).

8   Plaintiff's strongest factual allegations that Defendants entered into the License with the
9   intention of failing to perform relate to the claim that Defendants have never provided Plaintiff
10  with a written report of, or payments for, licensed products sold prior to the effective date of the
11  License. (*E.g.*, Compl. ¶¶ 49-52, 82(d)-(e).) As discussed previously, fraudulent intent may be
12  established by circumstantial evidence, and may be inferred from such circumstances as a
13  defendant's failure even to attempt performance, hasty repudiation of a promise, or continued
14  assurances after it is clear he will not perform. *Tenzer*, 39 Cal. 3d at 30. Unlike Plaintiff's other
15  allegations, its allegations relating to the failure to report and pay royalties owed for licensed
16  products sold prior to entering into the AAC License are much closer to allegations that
17  Defendants did not even attempt performance. However, even on this point, the Complaint is not
18  explicit that Defendants did not attempt to perform. Although this is a close question, the Court
19  finds that the allegations of the Complaint, without more, are not sufficient to allege promissory
20  fraud with regard to the formation of the AAC License as a whole.

21  Plainly, however, leave to amend would not be futile. Plaintiff may be able to set forth
22  additional facts supporting its claim, or to provide additional particularity regarding facts already
23  pled. By way of example only, Plaintiff's opposition to the motion to dismiss sets forth additional
24  factual assertions regarding Defendants' alleged infringement of the AAC Patents before the
25  parties entered into the AAC License, and concludes that Defendants entered into the License "and
26  then promptly reneged solely in order to fraudulently induce Via to enter into the AAC License as
27  a means for Unihan to avoid a patent infringement action." (Opp. at 1.) The facts supporting such
28  a claim are absent from the Complaint itself, but it is possible that Plaintiff could include them in

an amended complaint.

### C. As Pled, Plaintiff's Claim for Promissory Fraud is Precluded by California's Economic Loss Doctrine.

For the same reasons, the Court grants Defendants' motion to dismiss Count III of the Complaint pursuant to California's economic loss doctrine, with leave to amend. The economic loss doctrine permits a plaintiff to recover only in contract "for purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise." *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004) (citations omitted). The economic loss rule prevents the law of contract and the law of tort from dissolving into each other. *Id.* The economic loss rule does not, however, preclude an injured party from recovering in both contract and tort where one party commits fraud during the contract formation or performance. *Id.* at 989-90.

For the reasons discussed in connection with Rule 9(b), Plaintiff has failed in the Complaint adequately to allege a claim for promissory fraud. The remaining claims sound in contract. Accordingly, California's economic loss doctrine also requires dismissal of Count III of the Complaint, with leave to amend.

### CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss Count III of the Complaint. Plaintiff's third claim for relief is dismissed with leave to amend.

Plaintiff may file an amended complaint in accordance with the terms of this Order and its obligations under Federal Rule of Civil Procedure 11 by March 10, 2016. Defendants shall respond to the operative complaint by March 31, 2016, or within 21 days after the filing of the amended complaint, whichever is earlier.

**IT IS SO ORDERED.**

Dated: February 18, 2016

_____
JEFFREY S. WHITE
United States District Judge